**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-20400-CIV-DAMIAN/Louis**

**INTERNATIONAL CRUISE SHOPS, LTD., *et al.*,**

Plaintiffs,

**v.**

**RAFAEL DE JESUS RINCONES BOHORQUEZ,**

Defendant.
______________________________/

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 73] AND DENYING DEFENDANT'S MOTION TO TRANSFER FUNDS [ECF NO. 45]**

**THIS CAUSE** is before the Court on the Report and Recommendation on Defendant, Rafael de Jesus Rincones Bohorquez's ("Defendant" or "Rincones"), Motion to Permit Transfer of Trust Funds to Undersigned Counsel [ECF No. 45 ("Motion")] entered July 8, 2026, by United States Magistrate Judge Lauren F. Louis. [ECF No. 73 ("Report")]. In the Report, Judge Louis recommends that Rincones's Motion be denied. Plaintiffs, International Cruise Shops, Ltd., Starboard Cruise Services, Inc., and Holland America Line (collectively, "Plaintiffs"), filed Objections to the Report on July 22, 2026 [ECF No. 77], Rincones filed a Response to Plaintiffs' Objections on July 28, 2026 [ECF No. 78], and Plaintiffs filed a Reply[1] in support of their Objections on August 4, 2026 [ECF No. 79].

[1] Plaintiffs invoke 28 U.S.C. 636(b)(1)(C), Federal Rule of Civil Procedure 72, and Local Magistrate Rule 4 as a basis for filing a Reply. These authorities do not authorize the filing of a reply in support of objections to a report and recommendation. Accordingly, Plaintiffs' Reply is due to be stricken as it was filed without first seeking leave of Court.

THE COURT has conducted a *de novo* review of the Report, Plaintiffs' Objections, Rincones's Response, the record in this case, and relevant authorities and is otherwise fully advised. As discussed below, this Court agrees with the well-reasoned findings and thorough analyses and conclusions in the Report and agrees with Judge Louis's recommendations.

## I. RELEVANT BACKGROUND

The background relevant to the issues now before the Court are set forth in the Report. This Court observes that, as set forth in the Amended Complaint, on January 26, 2026, Rincones sued the Plaintiffs and claimed that he was severely and permanently injured and left paralyzed after falling in his stateroom while working as a seaman aboard a cruise ship. *See* ECF No. 23 ("Amended Complaint"). The parties eventually settled that lawsuit in September 2024 for approximately $6 million. The Plaintiffs allege in the instant suit that Rincones carried on a multiple-year-long fraud in which he pretended to be suffering from life-altering and permanent disabilities to induce a $6 million settlement, following which he absconded to his home country of Colombia, where he allegedly shed all assistive devices and miraculously recovered from his alleged permanent disability. *See generally id.* In the Amended Complaint, Plaintiffs seek the return of all funds paid out pursuant to what they allege was a fraudulently procured settlement. *Id.*

In addition to their pleading, Plaintiffs sought an *ex parte* temporary restraining order to restrain Rincones from disbursing funds he received pursuant to the settlement agreement. After denying Plaintiffs' earlier efforts, on January 15, 2026, this Court entered an Order Granting Renewed *Ex Parte* Motion for Temporary Restraining Order, pursuant to which a temporary restraining order was entered which enjoined Rincones or his agents from transferring or withdrawing *any* of his assets, including but not limited to the two Wells Fargo bank accounts

in Rincones's name of which Plaintiffs became aware in their post-settlement investigation. *See generally* ECF No. 27 ("TRO"). After Plaintiffs served Rincones and he hired counsel, the parties appeared before the undersigned on January 27, 2026, for a hearing to convert the TRO into a preliminary injunction. [ECF No. 37]. Following that hearing, the parties agreed to extend the TRO for two weeks to give the parties time to agree to terms for an approved preliminary injunction and spare the parties and this Court the burden of a preliminary injunction hearing.

As the Magistrate Judge explains in the Report, on February 9, 2026, the parties jointly filed their Corrected Proposed Preliminary Injunction, *see* ECF No. 41, which this Court reviewed, approved, and entered the following day. *See generally* ECF No. 43 ("Preliminary Injunction"). The Preliminary Injunction was significantly narrower than the TRO, in that, as relevant here, it qualified the initial language regarding restrained funds by adding "currently held in the Wells Fargo" accounts. *See* Prelim. Inj. ¶ 1. And while Paragraph 3 froze Rincones's assets in Colombia (with the exception of $400,000 for legal and living expenses), it does not address any other funds held within the United States. *See id.* ¶ 3.

Soon after the entry of the Preliminary Injunction, Rincones's former attorney from his underlying maritime personal injury matter, Glenn Holzberg, informed Rincones's current attorney that $27,090.62 of Rincones's settlement funds remained in Holzberg's law firms Trust Account. *See* Mot. ¶ 3. Because Glenn Holzberg is winding down his practice, he wants to disburse the remaining funds. *Id.* ¶ 4.

The Motion and Report now before this Court pertain to the appropriate disposition of the funds held in Holzberg's Trust Account while the instant lawsuit is pending.

On February 24, 2026, Rincones filed the Motion now at issue in which he seeks to transfer the funds to his current attorney's trust account. *See* Mot. Plaintiffs filed a Response to the Motion [ECF No. 51], and Rincones filed a Reply [ECF No. 53]. The undersigned referred the Motion to Magistrate Judge Louis [ECF No. 59], and on July 8, 2026, Judge Louis issued the Report recommending that the Motion be denied. [ECF No. 73]. Rincones filed a Response to Plaintiffs' Objections on July 28, 2026 [ECF No. 78]. The matter is ripe for adjudication.

## II. LEGAL STANDARDS

This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Here, Plaintiffs filed timely objections. Therefore, this Court reviews *de novo* the Report's recommendations to which the parties objected, and the remaining recommendations are reviewed for clear error.

## III. DISCUSSION

### *A. Magistrate Judge Louis's Findings And Conclusions.*

In the Report, Magistrate Judge Louis analyzed the scope of the Preliminary Injunction and the relief sought in the Motion and construed the Motion as one essentially "seek[ing] an advisory opinion from the Court about Defendant's ability to transfer money from counsel to counsel." Rpt. at 3. She explains that this conclusion is based on a plain reading of the Preliminary Injunction, which includes an asset freeze that explicitly covers the two Wells Fargo bank accounts and assets outside the United States, but does *not* include the since-found funds in the Holzberg Trust Account. *See id.* (noting that the transfer Rincones seeks "would fall outside the injunction's proscriptive terms"); *id.* at 4 ("Paragraph 1 contemplates assets held in two enumerated Wells Fargo accounts. The disputed funds are located in neither."). Therefore, Judge Louis concludes that as the Preliminary Injunction does not govern those funds, there is no need for a Court Order granting permission to effectuate the transfer. *Id.*

Judge Louis also addresses Plaintiffs' argument that the trust funds should be put in a neutral interest-bearing account pursuant to Rule 67(a), and concludes that the Rule does not permit a non-depositing party to compel its opponent in the litigation to deposit funds. *Id.* ("Moreover, the Rule contemplated a depositing party seeking leave to deposit funds with the Court and does not permit a non-depositing party to compel an opposing party to deposit funds." (citation modified)). Accordingly, Magistrate Judge Louis recommends that the Motion to Permit Transfer of Trust Funds be denied.

This Court turns to Plaintiffs' Objections to the findings and conclusions in the Report.

***B. Plaintiffs' Objections.***

In the Objections, Plaintiffs explain that they "do not object to the ultimate recommendation Defendant's Motion be denied; rather, Plaintiffs have specific objections to the findings and reasoning underlying the recommendation." Obj. at 2. Plaintiffs object to two of Judge Louis's conclusions:

- That the transfer of funds from the Holzberg Trust Account to Rincones's current counsel does not implicate the Preliminary Injunction's terms; and
- That the Preliminary Injunction was unattended by findings of fact or conclusions of law stemming from the TRO.

Obj. at 3. Plaintiffs do not assert any new points in the Objection, but, instead, they reiterate the points they made in the Motion, including their view of the proceedings, which is that "[t]he funds held in the Holzberg trust account fall clearly within the language of the TRO, fall within the spirit of the Agreed Preliminary Injunction, and it is within the power of the District Court to make equitable changes to the Agreed Preliminary Injunction in light of the newly revealed funds." *Id.* 6.

***C.* De Novo *Review.***

Having undertaken a *de novo* review of the portions of the Report to which there are objections, the undersigned agrees with the Magistrate Judge that the Preliminary Injunction does not contemplate the additional funds from the Holzberg Trust Account and that the Agreed Preliminary Injunction does not incorporate any of the findings of fact or conclusions of law from the TRO.

As the Magistrate Judge determined, these funds lie outside the scope of the terms of the Preliminary Injunction. The Preliminary Injunction freezes both of Rincones's Wells Fargo accounts and prevents Rincones from selling his Broward County real property. *See* Prelim. Inj. ¶ 1. It also freezes all of Rincones's remaining settlement funds "which are being held and/or maintained outside of the United States, *i.e.*, in Colombia." *See id.* ¶ 3. The undersigned agrees with the Magistrate Judge that the Preliminary Injunction does not address what happens with any of Rincones's other funds located in the United States that are not tied up in the Wells Fargo accounts or in the Broward real property.

And as the Magistrate Judge also points out in the Report, the Preliminary Injunction is unaccompanied by findings of fact or conclusions of law. The parties chose not to include any language that explicitly incorporates the provisions of the TRO Order. And when the TRO Order expired and the Preliminary Injunction took its place, the TRO Order no longer had any legal effect. *See* Fed. R. Civ. P. 65(b)(2) (setting a 28-day maximum length for TROs: 14 days plus a 14-day extension); *Granny Goose Foods, Inc. v. B'hood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 443 n.17 (1974) (noting that when a TRO has been continued beyond the time limit permitted under Rule 65(b), the order is invalid); *see also Shenzhen Jiaxin Tech. Co. v. P'Ships and Unincorp. Ass'ns Identified on Schedule A*, No. 26-cv-25038, 2026 WL 2607477, at *2 (S.D. Fla. Sept. 3, 2026) (Gayles, J.) ("This Preliminary Injunction supersedes the Temporary Restraining Order[.]").

This Court has also reviewed the remaining findings and recommendations in the Report for clear error and finds none. As the Magistrate Judge explains, if Plaintiffs intended that the Preliminary Injunction include all traceable funds from the 2024 settlement, they could have said so, and they have not now moved to modify the Preliminary Injunction. The only

matter before the Magistrate Judge and now before this Court is Rincones's Motion to Permit Transfer of Trust Funds. Rincones failed to show that relief was warranted because the trust funds at issue are not subject to the Preliminary Injunction, and, as recommended by the Magistrate Judge, his Motion should be denied.

## IV. CONCLUSION

Therefore, upon a *de novo* review, this Court finds Magistrate Judge Louis's Report to be thorough, well-reasoned, and correct. This Court fully agrees with the analysis in Judge Louis's Report and adopts the conclusions stated therein.

Accordingly, for the reasons stated in the Report, and upon a *de novo* review, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Objections **[ECF No. 73]** are **OVERRULED**.
2. Plaintiffs' Reply in Support of Plaintiffs' Objections **[ECF No. 79]** is **STRICKEN**.
3. The Report and Recommendation **[ECF No. 73]** is **AFFIRMED AND ADOPTED** in its entirety and incorporated by reference for all purposes, including appellate review.
4. Defendant's Motion to Permit Transfer of Trust Funds to Undersigned Counsel **[ECF No. 45]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 28th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

CC: U.S. Magistrate Judge Lauren F. Louis
Counsel of Record